IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**WADE ROSS WADLEY,**<br><br>　　　　　　　　　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:18-cr-00408-DAK**<br><br>**Judge Dale A. Kimball** |

　　　　This matter is before the court on Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A). In December 2018, Defendant pleaded guilty to one count of Bank Robbery in violation of 18 U.S.C. § 2113(a). In March 2019, this court sentenced Defendant to 48 months imprisonment and 36 months of supervised released. Defendant now requests that, pursuant to 18 U.S.C. § 3582(c)(1)(A), the court reduce his sentence by six months such that he can carry out the remainder of his sentence in a halfway house or in home confinement because he suffers from several health issues that put him at a greater risk of severe complications if he were to contract COVID-19. Plaintiff United States of America (the "Government") opposes Defendant's request.

## DISCUSSION

　　　　18 U.S.C. § 3582(c) permits a court to reduce a defendant's term of imprisonment pursuant to a motion seeking such relief. "Prior to the enactment of the First Step Act, only the [Federal Bureau of Prisons] could" file a motion for a compassionate release or a sentence modification under 18 U.S.C. § 3582(c)(1)(A). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). The First Step Act, however, modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file the motion with the court him or herself. *Id.* Nevertheless,

before a defendant can file a motion, it is required that the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

If the preceding requirement is satisfied, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i). Although the phrase "extraordinary and compelling reasons" is not defined in the statute, "[t]he [United States] Sentencing Commission has defined 'extraordinary and compelling reasons'" to include serious medical conditions. *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, at *2 (D.N.M. June 10, 2019) (unpublished). More specifically, the Application Notes to the Federal Sentencing Guidelines provide that extraordinary and compelling reasons exist for medical conditions when:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>     (I)    suffering from a serious physical or medical condition,
>
>     (II)   suffering from a serious functional or cognitive impairment, or
>
>     (III)  experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.  Further, the Application Notes provide an additional category entitled "Other Reasons" which establishes that extraordinary and compelling reasons other than those mentioned above can serve as a basis for a sentence reduction.  *See id.*

In this case, Defendant emphasizes that he suffers from the following medical conditions: asthma, high blood pressure, irregular heart rhythm, seizures, hypothyroidism, and cataracts. Given his current medical condition, and particularly the fact that he suffers from asthma, Defendant argues that his motion should be granted to protect him from the severe complications he could suffer if he contracted COVID-19 while incarcerated.

As a preliminary matter, the court notes that it need not address whether Defendant has properly satisfied the exhaustion requirement.  This is so because, even assuming Defendant has met the exhaustion requirement, as will be discussed below, his motion fails on its merits.

Since the onset of the COVID-19 pandemic, many courts "have agreed that [extraordinary and compelling] reasons exist in cases involving defendants whose serious underlying health conditions place them at an elevated risk of infection and death from COVID-19 while in custody." *United States v. Lopez*, No. 18-CR-2846 MV, 2020 WL 2489746, at *2 (D.N.M. May 14, 2020) (unpublished).  Of the courts that have reached such a conclusion, several "have based their finding on the Sentencing Commission's catch-all provision for 'other' extraordinary and compelling reasons" in the Application Notes.  *Id.*  Conversely, other courts have reached this determination based on "a plain reading of § 3582(c)(1)(A) after concluding that the [relevant] policy statement no longer applies."  *Id.*  Either way, "a majority of federal district courts have found . . . that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, No. 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020) (unpublished).

Regardless of the bases upon which other courts have found extraordinary and compelling reasons to grant a defendant's motion for reduction in sentence, the court concludes, based on the facts before it, that Defendant has failed to established extraordinary and compelling reasons to warrant the relief he seeks in this case.  First, although Defendant suffers from asthma his medical records do not indicate that his asthma is moderate or severe, which is the standard articulated by the Center for Disease Control and Prevention as placing individuals at higher risk of complications from COVID-19.  Centers for Disease Control, *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 16, 2020).  Second, Defendant has presented no evidence that any of his medical conditions are not well under control despite being incarcerated.  *See United States v. Davis*, No. 03-10157-1-JTM, 2020 WL 3037249, at *3 (D. Kan. June 5, 2020) (unpublished) (noting that the defendant's "medical conditions, while chronic, appear[ed] to be well-controlled within the BOP environment" and therefore denying the defendant's motion to reduce his sentence).  Third, Defendant has produced no evidence nor relied on any statistics that FCI Phoenix, where Defendant is currently incarcerated, has any confirmed cases of COVID-19.  *United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *7 (W.D. Pa. May 29, 2020) (unpublished) ("Most, though not all, of the cases where compassionate release has been granted . . . involved some showing that COVID-19 is actually present, usually to a significant degree, in the facility where the prisoner is incarcerated.").  Thus, while the court is sympathetic toward Defendant's health concerns in relation to COVID-19, Defendant's concerns regarding the possibility of infection are too speculative to grant Defendant's request.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a

particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Therefore, because Defendant has failed to establish extraordinary and compelling circumstances, his motion must be denied.

In addition, the court finds that Defendant's criminal history supports the denial of his motion. Prior to the robbery in the instant case, in August 2005, Defendant was sentenced to 140 months imprisonment and 36 months of supervised release for eight other robberies that he committed. In that case, Defendant's supervision began in September 2013, and during his supervision, he violated the conditions of his release four times, which resulted in Defendant being sentenced to eight more months in prison. Defendant was released from prison on January 16, 2018, and only seven months later, Defendant committed the robbery for which he pleaded guilty to in this case. Therefore, in light of Defendant's criminal history, the court remains unconvinced that there is a "low risk that [Defendant] will reoffend again." Defendant's Reply at 12, ECF No. 38. Accordingly, Defendant's motion must be denied.[1]

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) is hereby DENIED.

---

[1] In addition, throughout his motion and reply, Defendant argues that he should be released to home confinement immediately. However, "the court lacks any authority to order that [Defendant] serve the remainder of [his] sentence . . . by home confinement." *Machuca-Quiintana*, 2020 WL 3047596, at *5. While the Coronavirus Aid, Relief, and Economic Security Act grants broader discretion to the Director of the Bureau of Prisons to utilize home confinement, it does not grant this court authority or jurisdiction to do the same. *United States v. Carter*, No. CR 12-20066-38-KHV, 2020 WL 2523294, at *2 (D. Kan. May 18, 2020) (unpublished). This is because "[BOP]—not the Court— . . . decides whether home detention is appropriate." *United States v. Ward*, No. CR-13-42-R, 2020 WL 2089826, at *2 (W.D. Okla. Apr. 30, 2020) (unpublished) (quoting *United States v. Boone*, No. CR-18-144-R, Doc. 52, p. 3 (W.D. Okla. Nov. 20, 2019)).

Dated this 17th day of June, 2020.

                        BY THE COURT:

                        _____
                        DALE A. KIMBALL
                        United States District Judge